**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __New York__
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Philippine Airlines, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | __ __ – __ __ __ __ __ __ __ |
| 4. | **Debtor's address** | **Principal place of business**<br><br>PNB Financial Center, President<br>Number    Street<br><br>Diosdado Macapagal Ave., CCP Complex,<br><br>Pasay City 1300,    Metro Manila<br>City    State    ZIP Code<br><br>Philippines<br>County | **Mailing address, if different from principal place of business**<br><br>Number    Street<br><br>P.O. Box<br><br>City    State    ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number    Street<br><br>City    State    ZIP Code |
| 5. | **Debtor's website** (URL) | www.philippineairlines.com |

Debtor   __Philippine Airlines, Inc._____    Case number (if known)_____
          Name

6. **Type of debtor**

   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☑ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   _4_ _8_ _1_ _1_

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ☑ Chapter 11. *Check all that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

Debtor  **Philippine Airlines, Inc.**                                    Case number *(if known)*_____
        Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ☒ No
   ☐ Yes.  District _____ When _____ Case number _____
                                      MM / DD / YYYY
   If more than 2 cases, attach a separate list.
           District _____ When _____ Case number _____
                                      MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☒ No
    ☐ Yes.  Debtor _____ Relationship _____
            District _____ When _____
                                                        MM / DD / YYYY
    List all cases. If more than 1, attach a separate list.
            Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number    Street
                              _____
                              _____
                              City                           State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name     _____
           Phone            _____

---

**Statistical and administrative information**

---

Debtor    __Philippine Airlines, Inc._____    Case number (if known)_____
        Name

| | |
|---|---|
| **13. Debtor's estimation of available funds** | Check one:<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☐ 1-49    ☐ 1,000-5,000    ☐ 25,001-50,000<br>☐ 50-99    ☐ 5,001-10,000    ☐ 50,001-100,000<br>☐ 100-199    ☑ 10,001-25,000    ☐ More than 100,000<br>☐ 200-999 |
| **15. Estimated assets** | ☐ $0-$50,000    ☐ $1,000,001-$10 million    ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000    ☐ $10,000,001-$50 million    ☑ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000    ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million    ☐ $100,000,001-$500 million    ☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000    ☐ $1,000,001-$10 million    ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000    ☐ $10,000,001-$50 million    ☑ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000    ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million    ☐ $100,000,001-$500 million    ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/03/2021
        MM / DD / YYYY

X _[signature]_____    NILO THADDEUS P. RODRIGUEZ
Signature of authorized representative of debtor    Printed name

Title    CHIEF FINANCIAL OFFICER

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/03/2021
        MM / DD / YYYY

X _[signature]_____    ALVIN KENDRICH O. LIMQUECO
Signature of authorized representative of debtor    Printed name

Title    SENIOR VICE PRESIDENT - ADMINISTRATION

Debtor  **Philippine Airlines, Inc.**
Name

Case number *(if known)*_____

---

18. **Signature of attorney**

✗ /s/ Jasmine Ball
Signature of attorney for debtor

Date  09/03/2021
MM  / DD  / YYYY

Jasmine Ball
Printed name

Debevoise & Plimpton LLP
Firm name

919        Third Avenue
Number     Street

New York City              NY       10022
City                       State    ZIP Code

212-909-6000               jball@debevoise.com
Contact phone              Email address

3067188                    NY
Bar number                 State

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> PHILIPPINE AIRLINES, INC.,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 21-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT PURSUANT**
**TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

Non-debtor PAL Holdings, Inc. directly owns approximately 98.57% of the equity of the Debtor.

Non-debtor Trustmark Holdings Corporation directly owns approximately 76.9% of the equity of PAL Holdings, Inc.

Non-debtor Buona Sorte Holdings, Inc. directly owns approximately 60% of the equity of Trustmark Holdings Corporation.

---

[1] The Debtor in this chapter 11 case, along with its registration number in the Philippines, is Philippine Airlines, Inc. Philippine Securities and Exchange Commission Registration PW 37. The Debtor's corporate headquarters is located at PNB Financial Center, President Diosdado Macapagal Avenue, CCP Complex, Pasay City 1300, Metro Manila, Philippines.

# List of Holders of Five (5) Largest Secured Claims

Pursuant to local Rule 1007-2(a)(5), to the best of the Debtor's knowledge, belief, and understanding, the following chart lists the creditors holding, as of the Commencement Date, the five (5) largest secured, non-contingent claims against the Debtor, excluding claims of insiders as defined in 11 U.S.C. § 101.

| No. | Name of Creditor, Complete Mailing Address, Telephone Number, and Contact | Amount of Claim | Type of Debt | Type of Collateral | Claim / Lien Disputed (Yes / No) |
|---|---|---|---|---|---|
| 1 | PK Airfinance S.A.R.L. (PK)<br>European Bank & Business Center<br>6d, route de Trèves<br>Senningerberg, Luxembourg L-2633<br>Attn: Shinji Sato | $334.23 million | Aircraft Financing | Secured by Aircraft & Spare Engines | No |
| 2 | EXIM Guaranteed Loans<br><br>Wells Fargo Bank, N.A<br>299 S Main St<br>Salt Lake City, UT 84111.<br><br>Private Export Funding Corp (PEFCO)<br>675 Third Avenue, 4th Floor<br>New York, NY 10017<br><br>Toronto Dominion Bank (TD)<br>7250 rue Mile-End, 6e étage<br>Montréal, (Québec) Canada H2R 3A4<br>Attn: Michael Stockton<br><br>BNP Paribas as Lender<br>Wells Fargo Bank NA as Indenture Trustee<br>20 Collyer Quay, #01-01<br>049319 Singapore | $240.1 million | Aircraft Financing | Secured by Aircraft | No |
| 3 | Philippine National Bank (PNB)<br>PNB Financial Center, 7th Floor<br>Disodado Macapagal Avenue, CCP Complex<br>Pasay City, Philippines 1307<br>Attn: Allan Ang. | $156.51 million | Aircraft Financing | Secured by Aircraft & Spare Engine | No |
| 4 | Banco De Oro Unibank, Inc. (BDO)<br>BDO Corporate Center (South Tower)<br>7899 Makati Avenue, 14th Floor<br>Makati City, Philippines 0726<br>Attn: Kara Abrogar | $80.42 million | Aircraft Financing | Secured by Aircraft | No |
| 5 | China Banking Corporation (CBC)<br>8745 Paseo de Roxas corner Villar Street<br>Makati City, Philippines 1226<br>Attn: Lilian Yu | $54.83 million | Aircraft Financing | Secured by Aircraft | No |

**Fill in this information to identify the case and this filing:**

Debtor Name: Philippine Airlines, Inc.

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❑ *Schedule H: Codebtors* (Official Form 206H)
- ❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❑ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration  Corporate Ownership Statement, Top 5 Secured Creditors List

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/03/2021
MM / DD / YYYY

✗ _____
Signature of individual signing on behalf of debtor

NILO THADDEUS P. RODRIGUEZ
Printed name

CHIEF FINANCIAL OFFICER
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**Fill in this information to identify the case:**

Debtor name: PHILIPPINE AIRLINES, INC.
United States Bankruptcy Court for the Southern District of New York
Case number (If known):

☐ Check if this is an amended filing

Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BUONA SORTE HOLDINGS, INC<br>SUSAN T. LEE<br>C/O PHILIPPINE NATIONAL BANK<br>2/F ALLIED BANK CENTER, AYALA AVENUE<br>MAKATI CITY, 0716<br>PHILIPPINES | SUSAN T. LEE<br>EMAIL: SUSAN.LEE@TANDUAY.COM | CREDITOR | | | | $ 358,286,608.11 |
| 2 | AIR PHILIPPINES<br>BONIFACIO SAM<br>PALEX ADMIN. BLDG.<br>PAL GATE 1, ANDREWS AVENUE<br>PASAY CITY, MM, 1300<br>PHILIPPINES | BONIFACIO SAM<br>EMAIL: BONI_SAM@PAL.COM.PH | CODE SHARE | | | | $ 171,253,501.25 |
| 3 | PHILIPPINE NATIONAL BANK<br>ALLAN ANG<br>7TH FLOOR PNB FINANCIAL CENTER<br>DIOSDADO MACAPAGAL AVENUE<br>CCP COMPLEX<br>PASAY CITY, 1300<br>PHILIPPINES | ALLAN ANG<br>EMAIL: SANTELICESHM@PNB.COM.PH;<br>ANGAL@PNB.COM.PH; JUNAUDENCIAL@PNB.COM.PH;<br>LICUPCJM@PNB.COM.PH | CREDITOR | | | | $ 115,924,247.29 |
| 4 | ROLLS ROYCE LTD<br>JHAN YONG WAN<br>1 SELETAR AEROSPACE CRESCENT<br>797565<br>SINGAPORE | JHAN YONG WAN<br>EMAIL: JHANYONG.WAN@ROLLS-ROYCE.COM | MAINTENANCE SERVICE PROVIDER | | | | $ 89,034,017.71 |
| 5 | LUFTHANSA TECHNIK PHILIPPINES, INC.<br>ROSARIO ESQUILLO<br>C/O MACROASIA ECOZONE, VILLAMOR AIRBASE<br>PASAY CITY, MM, 1309<br>PHILIPPINES | ROSARIO ESQUILLO<br>EMAIL: ROSARIO.ESQUILLO@LHT-PHILIPPINES.COM | MAINTENANCE SERVICE PROVIDER | | | | $ 80,764,138.28 |
| 6 | ASIA UNITED BANK<br>ERNESTO UY, DANICA TREYES<br>JOY NOSTALG CENTER 17 ADB AVENUE<br>ORTIGAS CENTER<br>PASIG CITY, 1600<br>PHILIPPINES | ERNESTO UY, DANICA TREYES<br>FAX: 8687-9087<br>EMAIL: UYET@AUB.COM.PH | CREDITOR | | | | $ 75,302,743.06 |
| 7 | CHINA BANKING CORPORATION<br>LILIAN YU, MARISSA GARCIA<br>8745 PASEO DE ROXAS CORNER VILLAR ST<br>MAKATI CITY, 1226<br>PHILIPPINES | LILIAN YU, MARISSA GARCIA<br>FAX: (+632) 8885-5135<br>EMAIL: MGGARCIA@CHINABANK.PH;<br>DCMCONCEPCION@CHINABANK.PH;<br>LYU@CHINABANK.PH | CREDITOR | | | | $ 65,272,638.89 |
| 8 | NANSHI AVIATION LEASING LIMITED<br>AMAN KOCHHER, SARAH HARMON<br>GOSHAWK MANAGEMENT LIMITED<br>ONE MOLESWORTH STREET<br>DUBLIN 2, D02 RF29<br>IRELAND | AMAN KOCHHER, SARAH HARMON<br>EMAIL: SARAH.HARMON@GOSHAWK.AERO;<br>AMAN.KOCHHER@GOSHAWK.AERO;<br>CONOR.STAFFORD@GOSHAWK.AERO;<br>JASON.PUNG@GOSHAWK.AERO;<br>WUIJIN.WOON@GOSHAWK.AERO; | AIRCRAFT LESSOR | | | | $ 34,410,742.54 |
| 9 | SMBC AVIATION CAPITAL (UK) LIMITED<br>NICOLAS CLOUET, PETER CALLANAN, ADRIAN DHARSAN<br>IFSC HOUSE, IFSC<br>CUSTOM HOUSE QUAY<br>DUBLIN 1, D01 R2P9<br>IRELAND | NICOLAS CLOUET, PETER CALLANAN, ADRIAN DHARSAN<br>EMAIL: MALIN.PALSSON@SMBC.AERO;<br>KEVIN.JOHNSTON@SMBC.AERO;<br>PETER.CALLANAN@SMBC.AERO;<br>ADRIAN.DHARSAN@SMBC.AERO;<br>NICOLAS.CLOUET@SMBC.AERO | AIRCRAFT LESSOR | | | | $ 32,966,840.81 |
| 10 | CIT GROUP FINANCE (IRELAND)<br>DAIRE O'REILLY<br>THE OVAL BUILDING<br>BUILDING 1 SHELBOURNE ROAD<br>BALLSBRIDGE<br>DUBLIN 4, D04 FP65<br>IRELAND | DAIRE O'REILLY<br>FAX: 866-914-1578<br>EMAIL: KOLIVER@AVOLON.AERO; SAMORANTO-BUSTOS@AVOLON.AERO; VSIU@AVOLON.AERO;<br>DOREILLY@AVOLON.AERO; AOBRIEN@AVOLON.AERO | AIRCRAFT LESSOR | | | | $ 32,804,221.14 |
| 11 | AVATION PACIFIC LEASING II PTE. LTD<br>ROD MAHONEY<br>65 KAMPONG BAHRU ROAD<br>169370<br>SINGAPORE | ROD MAHONEY<br>EMAIL: ROD.M@AVATION.NET;<br>DUNCAN@AVATION.NET | AIRCRAFT LESSOR | | | | $ 21,818,304.53 |
| 12 | MANILA INTERNATIONAL AIRPORT AUTHORITY<br>MR. ENRICO FRANCISCO B. GONZALEZ<br>MIA ROAD, NAIA COMPLEX<br>PASAY CITY, 1300<br>PHILIPPINES | MR. ENRICO FRANCISCO B. GONZALEZ<br>FAX: 63 2 8853 5200<br>EMAIL: ADCA@MIAAGOVPHILS.ONMICROSOFT.COM | AERONAUTICAL FEES, PASSENGER SERVICE CHARGE/DOM/INT'L-PASSENGER SERVICE CHARGE/INT'L-UN-UTILIZED TICKETS | | | | $ 21,672,506.55 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | CELESTIAL EX-IM TRADING 1 LIMITED SIMON SIGANTO, CLEM MCCLOSKEY C/O GE CAPITAL AVIATION SERVICES LIMITED AVIATION HOUSE SHANNON, COUNTY CLARE, V14 AN29 IRELAND | SIMON SIGANTO, CLEM MCCLOSKEY EMAIL: SIMON.SIGANTO@GECAS.COM; CLEM.MCCLOSKEY@GECAS.COM; CHERLENE.CHUA@GECAS.COM | AIRCRAFT LESSOR | | | | $ 21,035,782.32 |
| 14 | AIRFRANCE INDUSTRIES FABRICE MOUTON VORAWAT BUILDING 21ST FLOOR 849 SILOM ROAD, SILOM BANGRAK, BANGKOK, 10500 THAILAND | FABRICE MOUTON FAX: +66 2 6809680 EMAIL: FAMOUTON@AIRFRANCEKLM.COM | MAINTENANCE SERVICE PROVIDER | | | | $ 20,256,700.06 |
| 15 | UNION BANK BRYAN BENEDICTO UNION BANK PLAZA MERALCO AVE. COR. ONYX & SAPPHIRE ROADS ORTIGAS CENTER, SAN ANTONIO PASIG CITY, 1605 PHILIPPINES | BRYAN BENEDICTO FAX: (02)633-7929; (02)944-8043 EMAIL: BPBENEDICTO@UNIONBANKPH.COM; RDDUENAS@UNIONBANKPH.COM | CREDITOR | | | | $ 20,079,444.44 |
| 16 | WILMINGTON TRUST SP SERVICES (DUBLIN) LIMITED FOR MSN 37709: PATRICK WALDRON C/O CASTLELAKE L.P. FOURTH FLOOR, 3 GEORGE'S DOCK IFSC DUBLIN 2, D01 X5X0 IRELAND | FOR MSN 37709: PATRICK WALDRON EMAIL: PATRICK.WALDRON@CASTLELAKE.COM; CO'FAOLAIN@WILMINGTONTRUST.COM; AGERAGHTY@WILMINGTONTRUST.COM | AIRCRAFT LESSOR | | | | $ 18,633,374.55 |
| 17 | PAJUN AVIATION LEASING 1 LIMITED DANIEL PEREZ, GABRIELLA LAPIDUS C/O VOYAGER AVIATION MANAGEMENT IRELAND DAC 190 ELGIN AVENUE GEORGE TOWN GRAND CAYMAN, KY1-9005 CAYMAN ISLANDS | DANIEL PEREZ, GABRIELLA LAPIDUS EMAIL: DAN.BARLIN@VAH.AERO; DANIEL.PEREZ@AMEDEO.AERO; GABRIELLA.LAPIDUS@AMEDEO.AERO; CAYMAN.SPVINFO@INTERTRUSTGROUP.COM | AIRCRAFT LESSOR | | | | $ 17,747,730.00 |
| 18 | PAJUN AVIATION LEASING 2 LIMITED DANIEL PEREZ, GABRIELLA LAPIDUS C/O VOYAGER AVIATION MANAGEMENT IRELAND DAC 190 ELGIN AVENUE GEORGE TOWN GRAND CAYMAN, KY1-9005 CAYMAN ISLANDS | DANIEL PEREZ, GABRIELLA LAPIDUS EMAIL: DAN.BARLIN@VAH.AERO; DANIEL.PEREZ@AMEDEO.AERO; GABRIELLA.LAPIDUS@AMEDEO.AERO; CAYMAN.SPVINFO@INTERTRUSTGROUP.COM | AIRCRAFT LESSOR | | | | $ 17,595,980.77 |
| 19 | PAJUN AVIATION LEASING 3 LIMITED DANIEL PEREZ, GABRIELLA LAPIDUS C/O VOYAGER AVIATION MANAGEMENT IRELAND DAC 190 ELGIN AVENUE GEORGE TOWN GRAND CAYMAN, KY1-9005 CAYMAN ISLANDS | DANIEL PEREZ, GABRIELLA LAPIDUS EMAIL: DAN.BARLIN@VAH.AERO; DANIEL.PEREZ@AMEDEO.AERO; GABRIELLA.LAPIDUS@AMEDEO.AERO CAYMAN.SPVINFO@INTERTRUSTGROUP.COM | AIRCRAFT LESSOR | | | | $ 17,123,960.00 |
| 20 | GE CAPITAL AVIATION FUNDING SIMON SIGANTO, CLEM MCCLOSKEY C/O GE CAPITAL AVIATION SERVICES LIMITED AVIATION HOUSE SHANNON, COUNTY CLARE, V14 AN29 IRELAND | SIMON SIGANTO, CLEM MCCLOSKEY EMAIL: SIMON.SIGANTO@GECAS.COM; CLEM.MCCLOSKEY@GECAS.COM; CHERLENE.CHUA@GECAS.COM | AIRCRAFT LESSOR | | | | $ 16,354,989.82 |
| 21 | IAE INTERNATIONAL AERO ENGINES AG PHILLIP MA 400 MAIN STREET EAST HARTFORD, CT 06118 | PHILLIP MA EMAIL: PHILLIP.MA@PRATTWHITNEY.COM | MAINTENANCE SERVICE PROVIDER | | | | $ 15,174,771.13 |
| 22 | CIT AEROSPACE INTERNATIONAL DAIRE O'REILLY THE OVAL BUILDING BUILDING 1 SHELBOURNE ROAD BALLSBRIDGE DUBLIN 4, D04 FP65 IRELAND | DAIRE O'REILLY EMAIL: KOLIVER@AVOLON.AERO; SAMORANTO-BUSTOS@AVOLON.AERO; VSIU@AVOLON.AERO; DOREILLY@AVOLON.AERO; AOBRIEN@AVOLON.AERO | AIRCRAFT LESSOR | | | | $ 13,014,472.63 |
| 23 | MACROASIA AIRPORT SERVICES CORPORATION JOSELITO B.ELLAZAR FLR. BLDG. A, SKY FREIGHT CENTER NINOY AQUINO AVENUE BRGY. STO. NINO PARANAQUE CITY, 1700 PHILIPPINES | JOSELITO B.ELLAZAR FAX: (+632) 878-5001 EMAIL: JOEL.ELLAZAR@MASCORP.COM | GROUND HANDLING | | | | $ 12,993,502.52 |
| 24 | AVOLON AEROSPACE AOE 95 LIMITED DAIRE O'REILLY THE OVAL BUILDING BUILDING 1 SHELBOURNE ROAD BALLSBRIDGE DUBLIN 4, D04 YT29 IRELAND | DAIRE O'REILLY EMAIL: KOLIVER@AVOLON.AERO; SAMORANTO-BUSTOS@AVOLON.AERO; VSIU@AVOLON.AERO; DOREILLY@AVOLON.AERO; AOBRIEN@AVOLON.AERO | AIRCRAFT LESSOR | | | | $ 11,329,162.40 |
| 25 | SAF LEASING II (AOE 2) LIMITED DAIRE O'REILLY C/O AVALON AEROSPACE LEASING LTD THE OVAL BUILDING BLDG 1 SHELBOURNE ROAD, BALLSBRIDGE DUBLIN 4, D04 FP65 IRELAND | DAIRE O'REILLY EMAIL: KOLIVER@AVOLON.AERO; SAMORANTO-BUSTOS@AVOLON.AERO; VSIU@AVOLON.AERO; DOREILLY@AVOLON.AERO; AOBRIEN@AVOLON.AERO | AIRCRAFT LESSOR | | | | $ 11,156,981.26 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | ECAF I 1482 DAC<br>NEIL MCCARTHY, MIKE BLUMENTHAL<br>BBAM US LP<br>50 CALIFORNIA STREET, 14TH FLOOR<br>SAN FRANCISCO, CA 94111 | NEIL MCCARTHY, MIKE BLUMENTHAL<br>PHONE: 415-267-1600<br>FAX: 415-618-3337<br>EMAIL: BRIAN.COOK@BBAM.COM;<br>MIKE.BLUMENTHAL@BBAM.COM;<br>NEIL.MCCARTHY@BBAM.COM | AIRCRAFT LESSOR | | | | $ 10,593,846.25 |
| 27 | JPA NO.112 CO., LTD<br>ANA URIEN, DAVID FITZGERALD<br>C/O STRATOS SARL STRATOS<br>RINEANNA HOUSE<br>SHANNON, CO. CLARE, V14 CA36<br>IRELAND | ANA URIEN, DAVID FITZGERALD<br>EMAIL: AURIEN@STRATOS.AERO;<br>BJEFFERY@STRATOS.AERO; SHIRAI@JLPS.CO.JP;<br>SATO@JLPS.CO.JP; ISHIKAWA@JLPS.CO.JP;<br>PGOODFELLOW@STRATOS.AERO;<br>DFITZGERALD@STRATOS.AERO | AIRCRAFT LESSOR | | | | $ 10,030,146.13 |
| 28 | FLY AIRCRAFT HOLDINGS TWENTY-ONE LIMITED<br>CIANA CASEY<br>C/O CARLYLE AVIATION MANAGEMENT LIMITED<br>CONNAUGHT HOUSE<br>1 BURLINGTON ROAD<br>DUBLIN 4, D04 C5Y6<br>IRELAND | CIANA CASEY<br>PHONE: 353-1-497-6621<br>EMAIL: FLY@CARLYLE.AERO; APOLLO-UTILIZATION@AERDATA.COM | AIRCRAFT LESSOR | | | | $ 9,313,493.73 |
| 29 | LUFTHANSA HAMBURG TECHNIK<br>KONSTANTIN STATHOPOULOS<br>35/F, 118 CONNAUGHT ROAD WEST<br>999077<br>HONG KONG | KONSTANTIN STATHOPOULOS<br>EMAIL: KONSTANTIN.STATHOPOULOS@LHT.DLH.DE | MAINTENANCE SERVICE PROVIDER | | | | $ 9,191,721.77 |
| 30 | CIVIL AVIATION AUTHORITY OF THE PHILIPPINES<br>PIERRE BRIENS, CHOONYEE TOH<br>BNP PARIBAS TOKYO BRANCH<br>GRANTOKYO NORTH TOWER<br>1-9-1 MARUNOUCHI<br>CHIYODA-KU, TOKYO, 100-6741<br>JAPAN | PIERRE BRIENS, CHOONYEE TOH<br>EMAIL: PIERRE.BRIENS@ASIA.BNPPARIBAS.COM;<br>CHOONYEE.TOH@ASIA.BNPPARIBAS.COM | AERONAUTICAL FEES, RENTAL & UTILITIES, PASSENGER SERVICE/DOM-PASSENGER SERVICE CHARGE/SECURITY FEE CHARGE, AVIATION SECURITY FEE | | | | $ 8,654,534.32 |
| 31 | FALCON 2019-1 AIRCRAFT 1 LIMITED<br>RICHARD SINCLAIR<br>C/O DUBAI AEROSPACE ENTERPRISE<br>BLOCK B RIVERSIDE IV<br>SIR JOHN ROGERSON'S QUAY<br>DUBLIN 2, D02 R296<br>IRELAND | RICHARD SINCLAIR<br>EMAIL: RICHARD.SINCLAIR@DUBAIAEROSPACE.COM;<br>KATE.PATTERSON@DUBAIAEROSPACE.COM | AIRCRAFT LESSOR | | | | $ 8,622,240.33 |
| 32 | WILMINGTON TRUST SP SERVICES (DUBLIN) LIMITED<br>FOR MSN 4585, 4587, 4588: DENNIS LOPES, PRASHANT MAHAJAN<br>C/O CHORUS AVIATION CAPITAL (IRELAND) LIMITED<br>46 ST. STEPHEN'S GREEN<br>DUBLIN 2, D02 WK60<br>IRELAND | FOR MSN 4585, 4587, 4588: DENNIS LOPES, PRASHANT MAHAJAN<br>EMAIL: DENNIS.LOPES@CHORUSAVIATION.COM;<br>PRASHANT.MAHAJAN@CHORUSAVIATION.COM;<br>STEVEN.RIDOLFI@CHORUSAVIATION.COM;<br>CLAIR.HAYES@CHORUSAVIATION.COM | AIRCRAFT LESSOR | | | | $ 8,183,238.80 |
| 33 | FLY AIRCRAFT HOLDINGS TWENTY-TWO LIMITED<br>CIANA CASEY<br>C/O CARLYLE AVIATION MANAGEMENT LIMITED<br>CONNAUGHT HOUSE<br>1 BURLINGTON ROAD<br>DUBLIN 4, D04 C5Y6<br>IRELAND | CIANA CASEY<br>EMAIL: FLY@CARLYLE.AERO; APOLLO-UTILIZATION@AERDATA.COM | AIRCRAFT LESSOR | | | | $ 7,920,117.06 |
| 34 | BNP PARIBAS<br>PIERRE BRIENS, CHOONYEE TOH<br>BNP PARIBAS TOKYO BRANCH<br>GRANTOKYO NORTH TOWER<br>1-9-1 MARUNOUCHI<br>CHIYODA-KU, TOKYO, 100-6741<br>JAPAN | PIERRE BRIENS, CHOONYEE TOH<br>EMAIL: PIERRE.BRIENS@ASIA.BNPPARIBAS.COM;<br>CHOONYEE.TOH@ASIA.BNPPARIBAS.COM | AIRCRAFT LESSOR | | | | $ 6,213,641.66 |
| 35 | DCAL 1 LEASING LIMITED<br>JONATHAN PIERPOINT, JON SKIRROW<br>2ND FLOOR, BEAUX LANE HOUSE<br>MERCER STREET LOWER<br>DUBLIN 2, D02 DH60<br>IRELAND | JONATHAN PIERPOINT, JON SKIRROW<br>EMAIL: LEASE.MANAGEMENT@DEUCALION.COM;<br>JON.SKIRROW@DVBBANK.COM;<br>JONATHAN.PIERPOINT@DVBBANK.COM | AIRCRAFT LESSOR | | | | $ 6,179,037.12 |
| 36 | TRUENOORD BOYNE LIMITED<br>LENIKA SOURI<br>NO. 1 GRANT'S ROW, LOWER MOUNT ST<br>DUBLIN 2, D02 HX96 D02 HX96<br>IRELAND | LENIKA SOURI<br>PHONE: 353 1 513 5542<br>EMAIL: LSOURI@TRUENOORD.COM;<br>JLIETAERT@TRUENOORD.COM;<br>CLINDEBOOM@TRUENOORD.COM | AIRCRAFT LESSOR | | | | $ 6,056,952.98 |
| 37 | HAITONG UNITRUST NO.4 LIMITED<br>SUMMER LI, SALLY ZHENG<br>2ND FLOOR 1-2 VICTORIA BUILDINGS<br>HADDINGTON ROAD<br>DUBLIN 4, D04 XN32<br>IRELAND | SUMMER LI, SALLY ZHENG<br>EMAIL: NANCY.DERBY@SANTOSDUMONT.COM;<br>SUMMER.LI@UTFLC.COM; SALLY.ZHENG@UTFLC.COM | AIRCRAFT LESSOR | | | | $ 5,832,515.09 |
| 38 | HAITONG UNITRUST NO.3 LIMITED<br>SUMMER LI, SALLY ZHENG<br>2ND FLOOR 1-2 VICTORIA BUILDINGS<br>HADDINGTON ROAD<br>DUBLIN 4, D04 XN32<br>IRELAND | SUMMER LI, SALLY ZHENG<br>EMAIL: NANCY.DERBY@SANTOSDUMONT.COM;<br>SUMMER.LI@UTFLC.COM; SALLY.ZHENG@UTFLC.COM | AIRCRAFT LESSOR | | | | $ 5,689,894.76 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 39  AVOLON AEROSPACE AOE 108 LIMITED<br>DAIRE O'REILLY<br>THE OVAL BUILDING<br>BUILDING 1 SHELBOURNE ROAD<br>BALLSBRIDGE<br>DUBLIN 4, D04 YT29<br>IRELAND | DAIRE O'REILLY<br>EMAIL: KOLIVER@AVOLON.AERO; SAMORANTO-BUSTOS@AVOLON.AERO; VSIU@AVOLON.AERO; DOREILLY@AVOLON.AERO; AOBRIEN@AVOLON.AERO | AIRCRAFT LESSOR | | | | $ 5,302,588.39 |
| 40  AIRCRAFT MSN 6253 LLC<br>NIGEL HARWOOD<br>2ND FLOOR 1-2 VICTORIA BUILDINGS<br>HADDINGTON ROAD<br>DUBLIN 4, D04 XN32<br>IRELAND | NIGEL HARWOOD<br>EMAIL: NHARWOOD@AIRCASTLE.COM; RCLAYTONPAYNE@AIRCASTLE.COM; PPLUNKETT@AIRCASTLE.COM; DMARTINEZ@AIRCASTLE.COM | AIRCRAFT LESSOR | | | | $ 5,185,946.36 |



REPUBLIC OF THE PHILIPPINES)
                                  ) S.S.

## SECRETARY'S CERTIFICATE

I, **MARIVIC. T. MOYA,** Corporate Secretary of **PHILIPPINE AIRLINES, INC.** (the "**Corporation**"), a corporation duly organized and registered in accordance with the laws of the Republic of the Philippines with offices at the PNB Financial Center, President Diosdado P. Macapagal Avenue, CCP Complex, 1307, Pasay City, Metro Manila, Philippines, after having been duly sworn to in accordance with law, do hereby depose and state that:

1. At the meeting of the Board of Directors of the Corporation at which meeting a quorum was present and acting throughout for the valid transaction of business, the members of the Board of Directors took the following actions and unanimously approved the following resolutions:

**RESOLUTIONS OF THE BOARDS OF DIRECTORS OF
PHILIPPINE AIRLINES, INC.**

September 3, 2021

WHEREAS, the Board of Directors reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Corporation regarding the liabilities and liquidity of the Corporation, the strategic alternatives available to it, and its impact to the Corporation's business;

WHEREAS, the Board of Directors consulted with the management and the legal and financial advisors of the Corporation to fully consider each of the strategic alternatives available to the Corporation;

WHEREAS after due consideration taking into account the information available to it at this time and after consultation with the Corporation's management and legal, financial, and other advisors, and in the exercise of its business judgment, the Board of Directors has determined that, it is desirable and in the best interests of the Corporation and its respective creditors, equity holders, employees and other parties-in-interest that the Corporation enter into several Restructuring Support Agreements (the "**RSAs**") with substantially all of the Corporation's aircraft lenders and lessors and the Corporation's largest shareholder in order to (i) restructure its aircraft-related obligations, (ii) optimize the Corporation's fleet size, composition and ownership costs as required by the new market, (iii) implement a new business plan and (iv) infuse working capital to fund the Corporation's ongoing operations;

WHERES management explained to the Board of Directors the significant benefits provided by the RSAs, including eliminating approximately $2.1 billion of aircraft related and other obligations; consensually returning 21 aircrafts that are no longer needed for the Corporation's revised long-term business plan; and enhancing the Corporation's key contracts and business partners to strengthen the Corporation's viability during the pending COVID-19 pandemic and beyond;

...

WHEREAS the RSAs contemplate, among other things, (i) the incurrence of US$505 million debtor-in-possession financing obligations (the "**DIP Financing**"), (ii) the resolution and restructuring of the Corporation's obligations and (iii) the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") to pursue confirmation of a pre-arranged plan of reorganization (the "**Plan**") to effectuate the restructuring contemplated by the RSAs;

WHEREAS, the members of the Corporation's management team and its advisors have apprised the Board of Directors of the key terms of the RSAs and the DIP Financing, and the Board of Directors had the opportunity to review the forms or key terms of such documents;

WHEREAS, the management team further informed the Board of Directors that the Corporation's financial advisor engaged in discussions with alternative potential funding sources for the DIP Financing to secure the best terms for the Corporation, but ultimately, the most favorable terms available, particularly with respect to interest rate and the Corporation's option to convert the financing to long-term unsecured debt and equity, were those of Buona Sorte Holdings, Inc. and PAL Holdings, Inc.

WHEREAS, the management team and the Corporation's financial advisor added and assured the Board of Directors that the extensive discussions and negotiations that ensued with the key stakeholders regarding the proposed DIP Financing have at all times been conducted at arm's length and in good faith with transactional documentation having been vetted thoroughly by the parties' legal and financial advisors.

WHEREAS, in the judgment of the Board of Directors, a restructuring of the Corporation to be accomplished through the RSAs and Plan under chapter 11 of the Bankruptcy Code and the other transactions identified in the RSAs are in the best interest of the Corporation and its creditors;

WHEREFORE, it is hereby approved and resolved as follows:

A.  Approval of the RSAs and Filing of Chapter 11 Petition

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest, that the Corporation enter into the RSAs and any associated documents (including applicable lease amendments, stipulations and waivers) and consummate, and perform under, the transactions contemplated therein on such terms substantially consistent with those presented to the Board of Directors on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Corporation;

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest, that the Corporation file or cause to be filed voluntary petitions for relief under the provisions of chapter 11 of the Bankruptcy Code in a court of proper jurisdiction ("**Bankruptcy Court**"); and

RESOLVED, that any two (2) of the following officers be duly empowered and authorized by the Corporation (the "**Authorized Officers**"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Corporation, including in the Corporation's capacity as shareholder or member of its subsidiaries, all petitions, schedules, lists, applications, pleadings, and other

2

motions, papers, agreements, consents, or documents (and to use electronic signatures on any of the foregoing as needed), and to take all action that they deem necessary or proper to obtain such relief, including, without limitation, to any action necessary to maintain the ordinary course of operation of the Corporation's business during the pendency of the Chapter 11 case;

- Gilbert Santa Maria, President & Chief Operating Officer
- Nilo Thaddeus Rodriguez, Chief Financial Officer
- Alvin Kendrich O. Limqueco, Sr. Vice President-Administration
- Joseph Brian T. Tan, Vice President-Corporate Finance & Aircraft Asset Management
- Marlo V. Tagle, Vice President-Financial Services Department

B.   Approval of Debtor-in-Possession Financing

RESOLVED, that in connection with the commencement of the chapter 11 case, the Authorized Officers be, and hereby are, authorized, empowered and directed, in the name and on behalf of the Corporation to negotiate, execute and deliver the DIP Financing to fund the Corporation's ongoing operations during the Chapter 11 Case as contemplated in the RSAs (including incurring the obligations related to the US$250 Tranche A DIP Loans and US$255 Tranche B DIP Loans), to the extent applicable, on the terms and conditions such Authorized Officers executing the same may consider necessary, proper or desirable, and to take such additional action and to execute and deliver each other agreement, instrument or document and future amendments, restatements, modifications or other supplements to any of the foregoing, to be executed and delivered, in the name and on behalf of the Corporation, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

RESOLVED, that the Corporation be, and it hereby is, authorized to secure payment of the loans or other extensions of credit made under the DIP Financing Loan Documents, interest thereon, and fees and expenses related thereto, and payment and performance of all other obligations and liabilities of the Corporation and its direct or indirect subsidiaries arising under, out of, or in connection with, the DIP Financing Loan Documents by pledging and granting to Buona Sorte Holdings, Inc. and PAL Holdings, Inc., as the DIP Lenders, a lien or mortgage on or security interest in, a portion of the Corporation's assets as contemplated by the DIP Financing;

RESOLVED, that the Corporation needs, and will obtain benefits from, the DIP Financing and its entry into the DIP Financing Loan Documents and incurrence and performance of its obligations thereunder, and it is advisable and in the best interests of the Corporation to enter into the DIP Financing, and to perform its obligations thereunder;

C.   Approval of Retention of Professionals

Management explained to the Board of Directors the need to retain several professionals to represent and/or assist the Corporation in carrying out its duties under the Bankruptcy Code;

As a result of the foregoing, the Board of Directors unanimously adopted the following resolutions:

RESOLVED, that any two (2) of the Authorized Officers be, and they hereby are, authorized and directed to employ the following professionals to

3

represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all legal actions to advance the Corporation's rights and obligations, including filing of any pleadings; and in connection therewith, any two (2) of the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the professionals:

1) The law firm of NORTON ROSE FULBRIGHT as the Corporation's aircraft counsel;
2) The law firm of DEBEVOISE & PLIMPTON LLP as the Corporation's general bankruptcy and restructuring counsel;
3) SEABURY SECURITIES LLC and SEABURY INTERNATIONAL CORPORATE FINANCE LLC as the Corporation's financial restructuring advisor and investment banker; and
4) KURTZMAN CARSON CONSULTANTS LLC as the Corporation's claims and noticing agent;

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Corporation's rights and obligations in connection with these resolutions; and

RESOLVED, that the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals as necessary;

D.  Recognition Proceedings

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest, that the assistance of the Philippine courts be sought in recognizing the Chapter 11 case and providing any reliefs urgently needed to protect the assets of the Corporation or the interests of its creditors and other parties in interest.

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest, that the Corporation seek the appointment of a foreign representative from the Bankruptcy Court for the filing of a petition for recognition of the Chapter 11 case and relief under the provisions of the Financial Rehabilitation and Insolvency Act ("**FRIA**") and Financial Rehabilitation Rules of Procedure ("**FRP**") in a court of proper jurisdiction ("**Recognition Proceeding**").

RESOLVED, that for this purpose, the Board of Directors authorizes the Corporation to seek the appointment of Mr. John F. Reid as the foreign representative of the Chapter 11 proceeding, who is authorized to commence a recognition proceeding in the Philippines under FRIA and FRP.

E.  Approval of Matters Related to the Proposed, Discussed, and Approved Matters in the Meeting

Management explained to the Board of Directors the need of approval of several matters related to the resolutions previously adopted.

As a result of the foregoing, the Board of Directors unanimously adopted the

4

following resolutions:

RESOLVED, to grant in favor of Nilo Thaddeus Rodriguez, to exercise a general power for acts of ownership, acts of administration, and for litigation and collections, as the power of attorney will be limited to perform all acts related to the Authorized Officers pursuant to these resolutions, and to appear before individual and judicial, administrative, civil, and labor authorities, whether national or foreign, and any other authority to, including but not limited to, submit any writes, motions, petitions, lawsuits, complaints, to remove any actions submitted before any authority, to settle, submit to arbitral procedure, to articulate and absolve positions, to assign goods, receive payments, and execute any other acts expressly permitted by law, including, represent the Corporation before any judicial, administrative, civil, or criminal authorities, and before labor tribunals and authorities;

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, any two (2) of the Authorized Officers (and their designees and delegated) be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Corporation, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and future amendments, restatements, modifications or other supplements to any of the foregoing and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Corporation with the same force and effect as if such act, transaction, agreement, or certificate has been specifically authorized in advance by these resolutions.

RESOLVED, that the Corporation and the Board of Directors has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or hereby waives any right to have received such notice;

RESOLVED FINALLY, that except as so provided, this resolution shall supersede all previous resolutions adopted by the Board of Directors or the Executive Committee of the Corporation.

APPROVED September 3, 2021

                                    XXX

2.  The foregoing resolutions have not been revoked, amended, or in any way manner modified, and accordingly, the same may be relied upon until written notice to the contrary is issued by the Corporation.

5

**IN WITNESS WHEREOF**, I have hereunto signed these presents on 03 September 2021at Metro Manila, Philippines.

**ATTY. MARIVIC T. MOYA**
Corporate Secretary

**SUBSCRIBED AND SWORN** to before me on <u>3 SEPTEMBER 2021</u> at <u>PASAY CITY</u> Metro Manila, Philippines, affiant exhibiting to me her Philippine Passport No. PP# P5997247B valid from 19 December 2020 to 18 December 2030, issued at DFA-Manila.

Doc. No. <u>274</u> ;
Page No. <u>56</u> ;
Book No. <u>I</u> ;
Series of 2021.

ATTY KARISSA INEZ A. SEGUNDO
Notary Public of Pasay City
8/F, PNB Financial Center, Pres. D. Macapagal
Avenue, CCP Complex, 1307 Pasay City
Roll of Attorney's No. 66296
Commission No. 21-08 / Until 31 December 2022
PTR No. 7348232; 01/04/2021; Pasay City
IBP Lifetime No. 012006; Makati
MCLE Compliance No. VI--009356; 06/07/2018

6